01

02

03

04

05

06

07                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
08                                   AT SEATTLE

09  D.F. (a minor surviving child of Peter J.        )   CASE NO. C10-163 RSL
    Farstad),                                        )
10                                                   )
            Plaintiff,                               )
11                                                   )   REPORT AND RECOMMENDATION
            v.                                       )   RE: SOCIAL SECURITY DISABILITY
12                                                   )   APPEAL
    MICHAEL J. ASTRUE, Commissioner                  )
13  of Social Security,                              )
                                                     )
14          Defendant.                               )
    _____        )
15

16          Plaintiff D.F., a minor, proceeds through counsel in an appeal of a final decision of the

17  Commissioner of the Social Security Administration (Commissioner).   The Commissioner

18  denied the applications of plaintiff's father, Peter J. Farstad, for Disability Insurance Benefits

19  (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law

20  Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all

21  memoranda of record, the Court recommends that this matter be AFFIRMED IN PART and

22  REMANDED IN PART for further administrative proceedings.

REPORT AND RECOMMENDATION
PAGE -1

01          **FACTS AND PROCEDURAL HISTORY**

02          Peter J. Farstad, plaintiff's father, was born on XXXX, 1968.[1]  He had a high school

03  education and one year of technical college.   He previously worked as a warehouse supervisor,

04  warehouse worker, and cook, fast food worker.   (AR 36, 117.)

05          Mr. Farstad filed an application for DIB and SSI on December 21, 2004, alleging

06  disability beginning March 8, 2004. He was insured for DIB through June 30, 2006.   (AR 24.)

07  His application was denied at the initial level and on reconsideration, and he timely requested a

08  hearing.

09          On January 11, 2008, ALJ Arthur Joyner held a hearing, taking testimony from Mr.

10  Farstad, his mental health counselor, two medical consulting experts, and a vocational expert.

11  (AR 1274-1336.)   On March 27, 2008, the ALJ issued a decision finding Mr. Farstad disabled

12  from May 1, 2005 through June 1, 2006, but not disabled at any other relevant time. (AR

13  24-45.)

14          Mr. Farstad timely appealed.   The Appeals Council denied his request for review on

15  November 23, 2009 (AR 6-9), making the ALJ's decision the final decision of the

16  Commissioner.   Subsequently, Mr. Farstad passed away.   His minor child, by and through his

17  guardian, was substituted as plaintiff, and appealed the final decision of the Commissioner to

18  this Court.

19          **JURISDICTION**

20          The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

21  _____

22          1 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil
Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to
the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE -2

01 **<u>DISCUSSION</u>**

02      The Commissioner follows a five-step sequential evaluation process for determining

03 whether a claimant is disabled.   *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).   At step one, it

04 must be determined whether the claimant is gainfully employed.   The ALJ found Mr. Farstad

05 had not engaged in substantial gainful activity since the alleged onset date.   At step two, it must

06 be determined whether a claimant suffers from a severe impairment.   The ALJ found severe

07 Mr. Farstad's Hepatitis C, congenital cervical and lumbar spine stenosis, status-post bilateral

08 shoulder surgery, bilateral carpal tunnel release in 1997, depressive disorder NOS, anxiety

09 disorder NOS, and polysubstance dependence.   The ALJ found Mr. Farstad's gastrointestinal

10 problems and asthma non-severe, and further found the evidence did not establish the

11 conditions of heart impairment, ADHD, or a left knee impairment.

12      Step three asks whether a claimant's impairments meet or equal a listed impairment.

13 The ALJ found that Mr. Farstad's impairments, including his substance use disorders,

14 medically equaled Section 12.09 (Substance Addiction Disorders), with reference to Sections

15 12.04 (Affective Disorders) and 12.06 (Anxiety Related Disorders).   The ALJ concluded that

16 before May 1, 2005, without the substance abuse, the remaining limitations were severe

17 impairments, but not to the degree that they met or medically equaled a listed impairment.

18 Before May 1, 2005, Mr. Farstad was not able to perform past relevant work, but there were

19 other jobs existing in significant numbers in the national economy that he could perform.

20 Therefore, the ALJ found Mr. Farstad not disabled before May 1, 2005 if he stopped the

21 substance abuse.   The ALJ found Mr. Farstad unable to sustain basic work activities from May

22 1, 2005 through May 31, 2006 due to the side effects of treatment for Hepatitis C.   The ALJ

REPORT AND RECOMMENDATION
PAGE -3

01  found that Mr. Farstad achieved medical improvement as of June 1, 2006.   He continued to

02  have the above-listed severe impairments, but was capable of making a successful adjustment

03  to work that exists in significant numbers in the national economy such as cleaner/hotel and

04  assembler.   Therefore, the ALJ found, Mr. Farstad was no longer disabled as of June 1, 2006.

05        This Court's review of the ALJ's decision is limited to whether the decision is in

06  accordance with the law and the findings supported by substantial evidence in the record as a

07  whole.   *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).   Substantial evidence means

08  more than a scintilla, but less than a preponderance; it means such relevant evidence as a

09  reasonable mind might accept as adequate to support a conclusion.   *Magallanes v. Bowen*, 881

10  F.2d 747, 750 (9th Cir. 1989).   If there is more than one rational interpretation, one of which

11  supports the ALJ's decision, the Court must uphold that decision.   *Thomas v. Barnhart*, 278

12  F.3d 947, 954 (9th Cir. 2002).

13        Plaintiff argues that the ALJ erroneously failed to consider the opinion of Mr. Farstad's

14  treating psychiatrist, erred in relying on the opinion of the medical consultant, improperly

15  disregarded the opinion of Mr. Farstad's treating mental health counselor, failed to find his right

16  foot impairment severe, and erred in the consideration of his drug abuse and alcoholism (DAA).

17  Plaintiff argues that substantial evidence supports a finding that Mr. Farstad was disabled and,

18  therefore, the ALJ's findings are not supported by substantial evidence.   Plaintiff requests

19  remand for an award of benefits or, alternatively, for further administrative proceedings.   The

20  Commissioner argues that the ALJ's decision is supported by substantial evidence and should

21  be affirmed.

22  / / /

REPORT AND RECOMMENDATION
PAGE -4

01                                Medical Opinions

02          In general, more weight should be given to the opinion of a treating physician than to a

03   non-treating physician, and more weight to the opinion of an examining physician than to a

04   non-examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Where not

05   contradicted by another physician, a treating or examining physician's opinion may be rejected

06   only for "'clear and convincing'" reasons.  *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391,

07   1396 (9th Cir. 1991)).  Where contradicted, a treating or examining physician's opinion may

08   not be rejected without "'specific and legitimate reasons' supported by substantial evidence in

09   the record for so doing."  *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.

10   1983)).  The ALJ may reject physicians' opinions "by setting out a detailed and thorough

11   summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and

12   making findings."  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*,

13   881 F.2d at 751).  Rather than merely stating her conclusions, the ALJ "must set forth [her]

14   own interpretations and explain why they, rather than the doctors', are correct."  *Id.*  (citing

15   *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

16          "The opinion of a nonexamining physician cannot by itself constitute substantial

17   evidence that justifies the rejection of the opinion of either an examining physician or a treating

18   physician."  *Lester*, 81 F.3d at 831 (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir.

19   1990) and *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984)).  However, "the report of a

20   nonexamining, nontreating physician need not be discounted when it 'is not contradicted by *all*

21   *other evidence* in the record.'"  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995) (quoting

22   *Magallanes*, 881 F.2d at 752 (emphasis in original)).

REPORT AND RECOMMENDATION
PAGE -5

01      An ALJ may properly reject an opinion that is conclusory and inconsistent with the

02  record.  *Thomas*, 278 F.3d at 957. ("The ALJ need not accept the opinion of any physician,

03  including a treating physician, if that opinion is brief, conclusory, and inadequately supported

04  by clinical findings." )

05  A.      Jeffrey Sung, MD

06      Plaintiff argues that the ALJ failed to consider the opinion of Mr. Farstad's treating

07  psychiatrist, Dr. Jeffrey Sung, and, accordingly, also failed to explain the lack of weight given

08  that opinion.  Defendant disputes this assertion, contending that the doctor's records were

09  discussed as part of the consideration of a larger exhibit, the records from Harborview Medical

10  Center and Pioneer Square Clinic. (AR 628-97 (Ex. 16F).)  Defendant argues that although

11  additional records were submitted post-decision (AR 9), they were found to be not material by

12  the Appeals Council.  In reply, plaintiff contends the exhibits in question were submitted for

13  consideration to the ALJ post-hearing while the record remained open, then re-submitted to the

14  Appeals Council.  (Dkt. 21 at 3.)

15      Although several pages of records authored by Dr. Sung were part of the administrative

16  record before the ALJ, plaintiff does not assign error to the ALJ's consideration of those pages.

17  (*Id*. at 2.)  Rather, plaintiff alleges the lack of proper consideration of evaluations completed

18  by Keith Johannes, LMHC, and Dr. Sung on December 12, 2005 and October 23, 2006. (AR

19  1239-46.)

20      The record does not support plaintiff's contention that these two evaluations were

21  submitted to the ALJ for consideration following the hearing but before the decision was

22  issued.  After Mr. Johannes testified at the hearing, the ALJ directed him to submit his

REPORT AND RECOMMENDATION
PAGE -6

01  treatment notes for consideration, indicating the record would be held open for one month for

02  this purpose, and then noting in the decision that the notes were never received.   (AR 43, 1332,

03  1336.)   Neither the ALJ, nor Mr. Farstad's counsel made reference to supplementing the

04  record post-hearing with Dr. Sung's records, and, in fact, Mr. Farstad's counsel noted that Dr.

05  Song's notes were already part of the record.   (AR 1332.)   The record does establish that the

06  two evaluations in question were submitted post-decision as Appeals Council exhibits.

07  (Appeals Council exhibits starting at AR 1191, evaluations found at AR 1238-1246).   Because

08  counsel's assertion that the two evaluations were available to the ALJ for consideration is not

09  supported by the record, plaintiff's argument that the ALJ erred by not considering those

10  evaluations fails.

11      The Appeals Council indicated that it considered the entire record, including the

12  additional material, in reviewing the case on the merits, and concluded that "neither the

13  contentions nor the additional evidence provide a basis for changing the Administrative Law

14  Judge's decision." (AR 9.)   Because the additional evidence was considered by the Appeals

15  Council, this Court considers the entire record in determining if the Decision is supported by

16  substantial evidence.   *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993).   If the Court

17  determines that the Commissioner's denial of benefits is not supported by substantial evidence

18  on the basis of evidence not considered by the ALJ, the appropriate remedy is remand to the

19  ALJ for further consideration, rather than ordering an award of benefits.   *Harman v. Apfel*, 211

20  F.3d 1172, 1180 (9th Cir. 2000.)

21      Plaintiff urges the importance of Dr. Sung's opinions about Mr. Farstad's mental health

22  limitations and substance use, noting Dr. Sung's status as a treating psychiatrist.   Plaintiff cites

REPORT AND RECOMMENDATION
PAGE -7

01  Dr. Sung's opinion that Mr. Farstad had severe limitations in his ability to relate appropriately

02  to co-workers and supervisors, and to respond appropriately to and tolerate the pressures and

03  expectations of a normal work setting. (AR 1245.)  Dr. Sung also indicated that Mr. Farstad

04  had marked limitations in certain cognitive areas such as the ability to understand, remember

05  and follow complex (more than two step) instructions, the ability to learn new tasks, and the

06  ability to exercise judgment and make decisions. (AR 1245.)

07          Defendant argues that the late submitted evidence would not have changed the outcome

08  of the case. *See Burton v Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984) (remanding for

09  consideration of evidence found to be "relevant, material, probative, and presenting a

10  reasonable possibility of changing the outcome of the Secretary's determination.")  Defendant,

11  however, addresses only the treatment notes from Dr. Sung for two appointments in May and

12  July 2007 (AR 1248-53), arguing the notes are merely cumulative of Dr. Sung's previous

13  reports that reveal only that Mr. Farstad's DAA contributed to his mental impairments.  For

14  that reason, defendant argues, the evidence was properly rejected by the Appeals Council and

15  should not serve to overturn the decision of the ALJ.  Plaintiff disputes this interpretation of

16  the records, noting Dr. Sung opined Mr. Farstad's opioid and alcohol dependence was in full,

17  sustained remission, indicating it was unlikely the mental health conditions were affected by

18  past substance abuse.  Further, plaintiff argues, Dr. Sung's imposed mental limitations were

19  more severe than those opined by the consulting experts and would have precluded gainful

20  employment.

21          Plaintiff correctly notes that the Commissioner fails to discuss the materiality of the

22  December 2005 and October 2006 evaluations by Mr. Johannes and Dr. Sung.  The Court

REPORT AND RECOMMENDATION
PAGE -8

01  cannot agree with the Commissioner's assertion that the late submitted evidence is cumulative

02  of Dr. Sung's previous reports, as the additional documents are the only evaluations completed

03  by Dr. Sung.   Although plaintiff does not specifically challenge the lack of any discussion of

04  Dr. Sung's other treatment records by the ALJ, the absence of such analysis, coupled with the

05  ongoing nature of Dr. Sung's treatment of Mr. Farstad over several years, compels the

06  conclusion that further administrative proceedings are warranted.   On remand, the ALJ should

07  specifically assess the opinions of Dr. Sung as set forth in the records that were previously

08  available, as well as the additional materials submitted to the Appeals Council.

09  B.     Keith Johannes, LMHC

10          Mr. Johannes was a licensed mental health counselor who treated Mr. Farstad through

11  the Health Care for the Homeless program, and testified at the hearing about Mr. Farstad's

12  mental impairments and limitations. (AR 1325-26.)   Plaintiff assigns error to the ALJ's

13  consideration of Mr. Johannes' opinions, although he does not specify what particular opinion

14  or opinions were inadequately considered.   As noted below, the Commissioner conflates this

15  assignment of error with plaintiff's argument about the weight given to consulting expert Dr.

16  McKnight, arguing the ALJ properly found that Mr. Johannes' opinion was entitled to less

17  weight than that of Dr. McKnight.   (Dkt. 20 at 11.)   The ALJ, in fact, made no such

18  comparison.   (AR 42.)

19          The ALJ had no obligation to give "greater weight" to the opinion of Mr. Johannes as

20  plaintiff urges.   As a mental health counselor, Mr. Johannes is not an "acceptable medical

21  source" under the regulations.   Acceptable medical sources include, for example, licensed

22  physicians and psychologists, while other non-specified medical providers, such as Mr.

01   Johannes, are considered "other sources."   20 C.F.R. §§ 404.1513(a) and (e), 416.913(a) and

02   (e), and Social Security Ruling (SSR) 06-03p.   Less weight may be assigned to the opinions of

03   other sources.   *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).   However, "[s]ince there is

04   a requirement to consider all relevant evidence in an individual's case record," the ALJ's

05   decision "should reflect the consideration of opinions from medical sources who are not

06   'acceptable medical sources' and from 'non-medical sources' who have seen the claimant in

07   their professional capacity."   SSR 06-03p.   "[T]he adjudicator generally should explain the

08   weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of

09   the evidence in the determination or decision allows a claimant or subsequent reviewer to

10   follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of

11   the case." *Id. See also Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996) (ALJ must

12   provide germane reasons as to lay testimony).

13        In discussing Mr. Johannes' testimony, the ALJ found as follows:

14        The undersigned has reviewed lay witness statements.   At the hearing, Keith
          Johannes, MSW, LMHC, testified that he was the claimant's primary mental
15        health therapist from October 2005 through October 2007.   During this time, he
          counseled the claimant once per week for one hour at Harborview.   He testified
16        that the claimant had panic disorder, posttraumatic stress disorder (PTSD),
          personality disorder, and opiate dependence, in remission.   He stated that the
17        claimant's symptoms included heightened state of anxiety, avoidance, isolation,
          depression, anger management issues, and the inability to deal with stress,
18        maintain interpersonal contacts, or follow through with appointments.   He
          opined that the claimant's symptoms had become worse over the last two years.
19        He stated that, in terms of social functioning, the claimant had trouble speaking
          at group meetings and had no social relationships outside of his providers.   He
20        reported that, in terms of concentration, persistence, and pace, the claimant was
          easily overwhelmed and had difficulty developing goals and maintaining
21        appointments.

22

REPORT AND RECOMMENDATION
PAGE -10

01   The undersigned gives little weight to Mr. Johannes's testimony. First, his
testimony appears more exaggerated than the record shows. For instance,
02   although Mr. Johannes described the claimant as having a socially isolated
lifestyle, the claimant reported at the hearing that he was able to shop for
03   groceries, take the bus without any problems, and go to McDonalds two to three
times per week to have coffee and talk to people. Although Mr. Johannes also
04   described the claimant as having poor concentration, persistence, and pace, the
claimant's mental status examinations have generally been fairly normal,
05   characterized by goal-directed thoughts and focused attention and
concentration. Furthermore, contrary to Mr. Johannes's statements, the record
06   indicates that the claimant's symptoms improved with psychotropic medication,
which he only began taking in January 2006. Second, although a reasonable
07   amount of time was granted after the hearing for Mr. Johannes to produce his
treatment notes, none were received. Because Mr. Johannes is a
08   non-acceptable medical source and failed to provide any evidence to
substantiate his testimony, the undersigned finds the witness not fully credible.

09

10   (AR 42-43.)

11   Plaintiff does not challenge any of the reasons given by the ALJ for assigning less

12   weight to Mr. Johannes' opinion. Although plaintiff contends Mr. Johannes' treatment notes

13   were submitted to the hearing office, but not considered by the ALJ, the record does not support

14   this contention. (AR 1191-1268 (exhibits marked "AC", meaning Appeals Council exhibits).)

15   Nor does it appear that the records in question contained any opinions or information not also

16   provided by Mr. Johannes in his testimony. Accordingly, the Court finds no error in the

17   weight given Mr. Johannes' opinions.

18   C.   Dr. Thomas McKnight

19   Consulting psychologist Thomas McKnight (AR 59-62) testified at the administrative

20   hearing by phone. (AR 1280-89.) The ALJ adopted Dr. McKnight's opinion that Mr.

21   Farstad's mental impairments from substance abuse would equal the criteria of section 12.09 of

22   the medical listings. The ALJ gave "greater weight" to Dr. McKnight's opinion that Mr.

REPORT AND RECOMMENDATION
PAGE -11

01   Farstad's "B" criteria limitations during periods of sobriety consisted of moderate restriction of

02   activities of daily living, moderate difficulties in maintaining social functioning, moderate

03   difficulties in maintaining concentration, persistence, or pace, and insufficient evidence of

04   episodes of decompensation, and that the evidence did not establish the "C" criteria.   (AR

05   29-30.)

06        The ALJ noted that Dr. McKnight was the "only medical expert who reviewed the entire

07   record", including the exhibits filed after the State agency's review, which gave him a better

08   foundation for his opinions than the others found in the record. (AR 29-30.)   Plaintiff argues

09   that this reason is unsupported because Dr. McKnight did not hear the testimony of Mr. Farstad

10   or Mr. Johannes.[2]   Plaintiff further questions whether Dr. McKnight was provided with the

11   treatment notes and assessments of Dr. Sung.

12        Plaintiff fails to make a convincing argument that the ALJ erred in characterizing Dr.

13   McKnight as the only medical expert who reviewed the entire record.   None of the medical

14   experts, including Dr. Sung, were present during the testimony of either Mr. Farstad or Mr.

15   Johannes.   Nor does plaintiff point to any new information developed at hearing that Dr.

16   McKnight was not provided.   Also, Dr. Sung's treatment notes were part of the administrative

17   record and Dr. McKnight testified that he reviewed the records. (AR 1280.)   As discussed

18   previously herein, the record does not show that Dr. Sung's two assessments became part of the

19   record until the case proceeded to the Appeals Council.

20        Plaintiff argues that it is "unclear" what evidence was relied upon by Dr. McKnight in

21

22        2 For some reason, defendant conflates this assignment of error with plaintiff's argument about
the weight given Mr. Johannes' opinions.

REPORT AND RECOMMENDATION
PAGE -12

01   assessing moderate "B" criteria limitations for Mr. Farstad.   However, Dr. McKnight made a

02   number of references to various medical records during his testimony (AR 1284-89), noting

03   that Dr. Press's evaluation (AR 719-22) was the only one "of consequence" because the other

04   reports consisted basically of Mr. Farstad's self-reports. (AR 1280.)   In sum, plaintiff does not

05   succeed in demonstrating error in the ALJ's evaluation of the opinions of Dr. McKnight.

06                                              Right Foot Impairment

07        Plaintiff contends that the ALJ erred in failing to find Mr. Farstad's right foot fracture

08   severe, arguing the ALJ's finding was based on an assumption the condition would improve.

09   The Commissioner argues that plaintiff did not meet his burden of showing the existence of a

10   severe medically determinable impairment that is expected to last for a continuous period of not

11   less than twelve months.   20 C.F.R. §§ 404.1505(1), 416.905(a).   *See also Roberts v. Shalala,*

12   66. F.3d 179, 182 (9th Cir. 1995) ("The claimant bears the burden of establishing a prima facie

13   case of disability [which] requires the claimant to make out a case both that she has an

14   impairment listed in the regulations, and that she has met the duration requirement.") and 20

15   C.F.R. §§ 404.1508, 416.908 (an impairment must be established by medical evidence

16   consisting of signs, symptoms, and laboratory findings, not only by a claimant's statement of

17   symptoms).   The Commissioner further argues that any error would be harmless in light of the

18   ALJ's limitation of Mr. Farstad to light work with occasional postural limitations.   *Lewis v.*

19   *Astrue*, 498 F.3d 909, 910 (9th Cir. 2007).   Plaintiff disputes the Commissioner's harmless

20   error argument, asserting the evidence does not establish an individual with a fractured foot

21   could perform work that requires standing up to six hours a day, as required in light work. SSR

22   83-10.

REPORT AND RECOMMENDATION
PAGE -13

01      In finding Mr. Farstad's right foot fracture non-severe, the ALJ noted that the fracture

02   occurred in August 2007, and that x-rays taken later that month indicated the foot was healing

03   well.  (AR 39, 1164.)  The administrative hearing was held on January 11, 2008, and the

04   ALJ's decision issued on March 27, 2008, less than twelve months from the date of injury.

05   The ALJ correctly noted the lack of evidence to indicate the existence of a severe right foot

06   impairment that would last twelve months or more.  As such, the ALJ's finding that Mr.

07   Farstad's right foot impairment was non-severe was supported by substantial evidence.

08                                   Drug Abuse and Alcoholism

09      A social security claimant is not entitled to benefits "if alcoholism or drug addiction

10   would … be a contributing factor material to the Commissioner's determination that the

11   individual is disabled." 42 U.S.C. §§ 423(d)(2)(C).  Therefore, where relevant, an ALJ must

12   conduct a drug abuse and alcoholism (DAA) analysis and determine whether a claimant's

13   disabling limitations remain, absent the use of drugs or alcohol. 20 C.F.R. §§ 404.1535,

14   416.935.   That is, the ALJ must first identify disability under the five-step procedure and then

15   conduct a DAA analysis to determine whether substance abuse is material to disability.

16   *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).  If the remaining limitations

17   without DAA would still be disabling, then the claimant's drug addiction or alcoholism is not a

18   contributing factor material to his disability.   If the remaining limitations would not be

19   disabling without DAA, then the claimant's substance abuse is material and benefits must be

20   denied.   *Parra v. Astrue*, 481 F.3d 742, 747-48 (9th Cir. 2007).

21      Plaintiff challenges the ALJ's assessment of Mr. Farstad's DAA, noting the ALJ found

22   that Mr. Farstad's substance abuse continued through October 2004, while there is no evidence

REPORT AND RECOMMENDATION
PAGE -14

01   it continued after that date.   Therefore, plaintiff argues, there is no support for the ALJ finding

02   DAA material through May 1, 2005.   While noting the ALJ's consideration of Mr. Farstad's

03   DAA in describing the sequential evaluation process, the Commissioner does not respond to

04   plaintiff's argument that the analysis was conducted improperly, or even acknowledge this

05   contention as an issue.   (Dkt. 20 at 4-5, 8.)

06          The ALJ found Mr. Farstad temporarily disabled (and his substance abuse in remission)

07   from May 1, 2005 through June 1, 2006, due to the side effects from treatment for Hepatitis C,

08   but not disabled at any other relevant times.   Prior to May 1, 2005, the ALJ found Mr. Farstad

09   disabled at step two of the sequential evaluation as a result of his substance use disorders

10   medically equaling one of the listing of impairments. (AR 28; citing 20 C.F.R. §§ 404.1520(d).

11   416.920(d), 20 C.F.R. Part 404, Subpt. P, App. 1, section 12.09 with reference to sections 12.04

12   and 12.06.)   However, continuing the DAA analysis, the ALJ found Mr. Farstad not disabled if

13   he stopped the substance use.   Therefore, the ALJ concluded, Mr. Farstad's substance use

14   disorder was a contributing factor material to the determination of disability, and Mr. Farstad

15   was not disabled within the meaning of the Social Security Act at any time before May 1, 2005.

16   (AR 37; 20 C.F.R. §§ 404.1535, 416.935.)   After June 1, 2006, the ALJ found Mr. Farstad's

17   polysubstance dependence in remission and, therefore, no longer medically equaling one of the

18   listing of impairments at step two.   As a result, the ALJ found Mr. Farstad not disabled after

19   June 1, 2006.

20          The ALJ's DAA findings for the period before May 1, 2005 are confusing.   The ALJ

21   found that plaintiff's substance use disorder medically equaled one of the listing of impairments

22   "before May 1, 2005[.]"   (AR 28-29.)   Plaintiff correctly notes that the ALJ does not cite any

REPORT AND RECOMMENDATION
PAGE -15

01   record evidence showing substance abuse after October 2004, finding instead that "[t]he record

02   indicates that the claimant was abusing substances continuously through at least October

03   2004."  (AR 28.)   The ALJ does not explain how plaintiff could continue to be disabled by a

04   substance use disorder if the substance abuse did not continue past October 2004.

05         However, plaintiff does not succeed in establishing reversible error in the ALJ's DAA

06   analysis.   Plaintiff argues that the record does not show that Mr. Farstad's substance abuse

07   continued after October 2004.   At most, this simply shows that Mr. Farstad was no longer

08   disabled by his substance abuse after October 2004.

09         Under the statutory DAA analysis, the ALJ does not consider the materiality of any

10   substance abuse unless the claimant is first found to be disabled.   *Bustamante*, 262 F.3d at 955

11   (holding ALJ must identify disability under five-step procedure before conducting DAA

12   analysis to determine whether substance abuse was material to disability).   The ALJ ultimately

13   concluded that Mr. Farstad was not disabled before May 1, 2005.   If the ALJ had specifically

14   found that Mr. Farstad's listed impairment had terminated at the end of October 2004, instead

15   of the less precise finding that it ended "before May 1, 2005," the ultimate result would remain

16   the same—Mr. Farstad would be found not disabled.   *See Stout v. Commissioner, Soc. Sec.*

17   *Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (recognizing application of harmless error in

18   Social Security context where a "mistake was non-prejudicial to the claimant or irrelevant to the

19   ALJ's ultimate disability conclusion.")   Plaintiff does not, therefore, establish a basis for

20   reversing the ALJ's findings regarding the materiality of Mr. Farstad's substance abuse.

21                         Substantial Evidence Support

22         Plaintiff argues that substantial evidence supports a finding that Mr. Farstad was

01  disabled and, therefore, the ALJ's findings are not supported by substantial evidence.   (Dkt. 16

02  at 9.)   The argument is inapposite, as plaintiff has turned the standard of review on its head.

03  On appeal, the function of the District Court is to determine if substantial evidence supports the

04  conclusion reached by the ALJ (and, therefore, the Commissioner).   *Penny,* 2 F.3d at 956.

05  The Court is not permitted to conduct the de novo review plaintiff invites because the fact that

06  the record taken as a whole might also support a different conclusion is immaterial.   *Thomas,*

07  278 F.3d at 954.   It is the role of the ALJ, not this Court, to resolve conflicts in the evidence

08  and determine the credibility of testimony.   42 U.S.C. § 405 ("The findings of the

09  Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be

10  conclusive[.]")

11       Plaintiff's suggestion that this Court re-weigh the medical evidence in his favor is

12  unavailing.   While plaintiff catalogues the opinions and findings of various medical providers

13  and examiners, he fails to acknowledge that the ALJ considered the evidence and explained the

14  weight that evidence was accorded.   (*See*, *e.g.*. AR 33-35.)   With the exception of Dr. Sung

15  and Mr. Johannes, as discussed above, plaintiff does not argue that the ALJ committed error in

16  weighing the medical opinions and findings.   Instead, plaintiff simply urges a different result.

17  This assignment of error fails.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

REPORT AND RECOMMENDATION
PAGE -17

01                                      **<u>CONCLUSION</u>**

02         For the reasons set forth above, this matter should be affirmed in part and remanded in

03   part for further administrative proceedings.

04         DATED this <u>19th</u> day of January, 2011.

05

06                                                   Mary Alice Theiler

07                                                   United States Magistrate Judge

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -18